United States District Court
Southern District of Texas
**ENTERED**
September 07, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARSHALL TODD WARD, Inmate #380322, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-21-2649 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, et al., | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Marshall Todd Ward (Inmate #380322, former TDCJ #2205270, former BOP #24978-180), is a former state inmate who is presently in custody at the Collin County Detention Facility in McKinney, Texas. He has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) against the Texas Department of Criminal Justice ("TDCJ") and Governor Greg Abbott, seeking injunctive relief from prison overcrowding. Because the plaintiff proceeds in forma pauperis, the court is required to scrutinize the Complaint and dismiss the case if it determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Ward is a former TDCJ inmate who served time at the Byrd Unit in Huntsville and at the Jester III Unit, which is located in Richmond.[1] Ward contends that both facilities fail to provide adequate "living space" or square footage per inmate.[2] He claims that overcrowded conditions in these TDCJ facilities violate a "landmark class action suit" involving the North Carolina Department of Corrections.[3]

Invoking 42 U.S.C. § 1983, Ward sues TDCJ and Governor Abbott, demanding that "all old prisons" be closed and that housing conditions in all TDCJ facilities be limited to only one inmate per cell.[4] Ward's Complaint will be dismissed because he fails to state a claim upon which relief may be granted.

## II. Discussion

Ward may not file suit in federal court against TDCJ, which is a state agency protected by Eleventh Amendment immunity. See

---

[1]Complaint, Docket Entry No. 1, p. 4. Court records confirm that Ward has filed more than thirty civil actions while incarcerated, including a recent lawsuit involving the conditions of confinement at the Jester III Unit that was dismissed on June 30, 2020, after Ward's co-plaintiffs complained that he added them as parties to the lawsuit without their permission. See Ward v. Trump, Civil Action No. H-20-1940 (S.D. Tex.) (Docket Entry Nos. 14, 17).

[2]Complaint, Docket Entry No. 1, p. 4.

[3]Id.

[4]Id.

Aquilar v. Texas Dep't of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998); see also Loya v. Texas Department of Corrections, 878 F.2d 860, 861 (5th Cir. 1989) (per curiam) ("[TDCJ's] entitlement to immunity under the [E]leventh [A]mendment is clearly established in this circuit."). Unless expressly waived, the Eleventh Amendment bars an action in federal court by a citizen of a state against his or her own state, including a state agency. See Will v. Michigan Dep't of State Police, 109 S. Ct. 2304, 2309 (1989). Texas has not waived its Eleventh Amendment immunity and Congress did not abrogate that immunity when it enacted 42 U.S.C. § 1983. See NiGen Biotech, L.L.C. v. Paxton, 804 F.3d 389, 394 (5th Cir. 2015) (citing Quern v. Jordan, 99 S. Ct. 1139, 1145 (1979)). Therefore, Ward fails to state a claim against TDCJ.

There is a narrow exception to Eleventh Amendment immunity that applies to claims for prospective injunctive relief against a state official who is alleged to have violated federal law. See McKinley v. Abbott, 643 F.3d 403, 405-06 (5th Cir. 2011) (citing Ex parte Young, 28 S. Ct. 441 (1908)). To fit within this exception, a plaintiff must demonstrate that the official has some connection with the enforcement of a policy or act in question. See Okpalobi v. Foster, 244 F.3d 405, 414-15 (5th Cir. 2001) (en banc). Ward does not identify any action taken by Governor Abbott or policy in which he has any enforcement role. Even assuming that Governor Abbott had the requisite connection with the

enforcement of prison housing policies, Ward fails to show that he is entitled to relief because he does not demonstrate an ongoing constitutional violation.

Ward alleges that the lack of adequate living space for inmates at the Byrd Unit and the Jester III Unit is inconsistent with precedent on prison overcrowding from a class action lawsuit against the North Carolina Department of Corrections.[5] Although Ward does not provide a citation for that case, he appears to reference litigation in the United States District Court for the Eastern District of North Carolina, which resulted in a consent decree that was described by the Fourth Circuit in Small v. Hunt, 98 F.3d 789, 792-94 (4th Cir. 1996). The Texas prison system is not bound by a consent decree involving conditions of confinement in another state.

The Supreme Court has upheld the practice of housing two prisoners in one cell, known as "double celling," concluding that it did not violate the Eighth Amendment. See Rhodes v. Chapman, 101 S. Ct. 2392, 2400-02 (1981). Living space requirements and the practice of double celling in the Texas prison system were litigated in a class action lawsuit that commenced in 1972, which resulted in a detailed remedial decree that was entered before Rhodes was decided. See Ruiz v. Estelle, 503 F. Supp. 1265 (S.D. Tex. 1980). Although the Fifth Circuit affirmed parts of the

---

[5]Complaint, Docket Entry No. 1, p. 4.

decree entered by the district court, it vacated provisions that established dormitory space requirements and prohibited the practice of double celling. See Ruiz v. Estelle, 679 F.2d 1115, 1148-49, 1164 (5th Cir. 1982), modified on other grounds, Ruiz v. Estelle, 688 F.2d 266 (5th Cir. 1982). The remaining portion of the remedial decree was terminated in a Final Judgment entered on June 17, 2002. See Ruiz v. Estelle, No. H-78-0987 (S.D. Tex.) (Docket Entry No. 9015).

The Fifth Circuit has explained that "[l]ack of space alone does not constitute cruel and unusual punishment, save perhaps in the most aggravated circumstances." Ruiz v. Estelle, 666 F.2d 854, 858 (5th Cir. 1982). Ward does not assert any facts showing that the conditions attending his confinement at the Byrd Unit or the Jester III Unit amounted to cruel and unusual punishment or that a constitutional violation occurred while he was incarcerated at either facility. As a result, Ward's allegations of overcrowding and lack of living space are insufficient to state a viable claim. See, e.g., Johnson v. Texas Board of Criminal Justice, 281 F. App'x 319, 320-21, 2008 WL 2337324, at *2 (5th Cir. June 5, 2008) (per curiam).

More importantly, the pleadings reflect that Ward is no longer incarcerated in TDCJ. Ward's release from TDCJ custody renders moot any claim for injunctive or declaratory relief concerning the conditions of his confinement. See Gillespie v. Crawford, 858 F.2d

1101, 1103 (5th Cir. 1988) (per curiam); see also Smith v. City of Tupelo, Mississippi, 281 F. App'x 279, 282 (5th Cir. 2008) (per curiam) ("A claim for declaratory and injunctive relief based on conditions of confinement is rendered moot upon the prisoner's release or transfer from the facility."). Because Ward has failed to state a claim upon which relief may be granted, this action will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner's Civil Rights Complaint filed by Marshall Todd Ward (Docket Entry No. 1) is **DISMISSED with prejudice** for failure to state a claim.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Memorandum Opinion and Order to the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 7th day of September, 2021.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE